# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cr-00141 SEP |
| ) | |
| ERIK ELSASSER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on review of the Report and Recommendation (R&R), Doc. [59], of the Honorable Joseph S. Dueker as to Defendant Erik Elsasser's Motion to Suppress Evidence and for a *Franks* Hearing, Doc. [30].[1] Elsasser seeks the suppression of evidence seized during the search of his cell phone and requests a *Franks* hearing to address alleged false statements in the search warrant affidavit.[2] *Id*. Magistrate Judge Dueker held a hearing on the *Franks* request on December 9, 2024. *See* Doc. [37]. After denying that request, Judge Dueker conducted an evidentiary hearing on the motion to suppress on February 4, 2025. *See* Doc. [42]. He issued his R&R on June 13, 2025, recommending that the undersigned deny the motion to suppress. *See* Doc. [59]. On June 27, 2025, Elsasser filed objections, Doc. [60], to which the United States responded on July 9, 2025, Doc. [62].

The Court has conducted a de novo review of all filings related to Defendant's motion, including the transcript of the evidentiary hearing. *See* Docs. [30], [31], [32], [36], [45], [47], [51], [54], [57], and [60]; *Thompson v. Nix,* 897 F.2d 356, 357–58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). After careful deliberation, the undersigned will adopt and sustain Judge Dueker's Report and Recommendation in its entirety.

---

[1] All pretrial motions in this cause were referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

[2] In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court held that a defendant in a criminal proceeding is entitled to a hearing at which he may challenge the truthfulness of statements in a search warrant if he makes "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause."

## DISCUSSION

In his objections to the R&R, Elsasser raises the same arguments he made to Judge Dueker. *See* Docs. [31], [36], [47], [51], [57], and [60]. None has merit.

Elsasser asserts that Judge Dueker erroneously concluded that: (1) he was not entitled to a *Franks* hearing; (2) the search warrant was not overbroad; (3) the good faith exception applies under *United States v. Leon*, 468 U.S. 897 (1984); and (4) the search of his cell phone was within the scope of the search warrant.

With respect to the request for a *Franks* hearing, Judge Dueker acknowledged that the warrant materials "contained a number of typographical errors and mistakes." Doc. [59] at 4. But he found that Elsasser had not pointed to any allegedly false statement in the warrant affidavit that would undermine the finding of probable cause. *Id*. at 13. The only purportedly false statement in the affidavit was a typographical error in Elsasser's phone number, without which, "the Affidavit would still establish probable cause." *Id*. As summarized in the R&R:

> The Affidavit stated, among other things, that the alleged criminal acts occurred on August 18, 2023, at the Target department store. The Affidavit also explained that the victim was a 17-year-old female, who described a suspect holding a cell phone over the top of her dressing room as she changed clothes. The Affidavit further provided a description of the suspect, his clothing, and his motor vehicle with its New Mexico license plates, as seen on video surveillance. The Affidavit articulated that the vehicle used by the suspect was registered to Elsasser's mother, and that law enforcement's investigation showed that he had been using it after his recent move to Missouri. Moreover, the Affidavit stated that Elsasser matched the physical description of the suspect. It also stated that Elsasser's phone had multiple cameras in a straight line, which was similar to the phone used by the suspect. Considering the totality of the circumstances, the Affidavit's language, without the phone number, established probable cause to search Elsasser's phone, as it clearly established a fair probability that evidence of the crime of Sexual Exploitation of a Minor would be found.

*Id*. at 13-14. Because the affidavit "without the phone number, established probable cause to search Elsasser's phone," Judge Dueker correctly concluded that a *Franks* hearing was not required. *Id.* at 14.

As to Elsasser's argument that the search warrant was overbroad and lacked particularity, Judge Dueker concluded that the warrant was not overbroad, stating:

> Simply because law enforcement found information unrelated to the criminal investigation did not transform the warrant into an impermissible general warrant. The Search Warrant limited the search of the phone for evidence of the crime of

2

>Sexual Exploitation of a Minor, listed all of the different categories of data, and itemized all the places where said evidence might be contained. . . . That evidence could have consisted of confirmation as to who owned or possessed the phone, who was using the phone when the crime was committed, and the location of the phone at the time of the crime. That evidence could also have consisted of confirmation as to how the crime was committed, and might include evidence of planning, method of operation, motive, intent, absence of mistake, and steps taken to conceal the crime. . . . [and] these types of relevant evidence materials could be found practically anywhere on the phone, such as in call history, emails, and the litany of any of the categories of data listed in the search warrant.

*Id*. at 19 (internal citations removed). Elsasser's objections do not undermine that assessment.

Judge Dueker went on to find that, even if the search warrant had been overbroad, suppression would not be required, because the officers acted in good faith when obtaining and executing the warrant, and none of the exceptions to *Leon* applies. *Id*.[3] Judge Dueker found no evidence that the obtaining officer was reckless or misled the issuing judge, that the judge abandoned her judicial role when approving the warrant, that the affidavit was so lacking in probable cause as to render belief in its existence unreasonable, or that the warrant was so facially deficient that the officers could not presume it valid. *Id*. at 19-20. The Court's review of the record accords with Judge Dueker's. *Leon's* good faith exception applies.

Finally, Elsasser has not shown that the search exceeded the scope of the warrant. *See* Doc. [60] at 9-10. The warrant authorized a search for evidence of the commission of the crime of sexual exploitation of a minor, noting that "the information contained within the device may include . . . deleted messages, emails, call histories . . . pictures, videos . . . ." Doc. [45] at 1. Elsasser objects that the search that yielded 192 images and 1,193 videos of "child sexual abuse material" (CSAM) went beyond the warrant's scope because the investigator did not stop searching the contents of the phone after he found four videos created on the date of the alleged offense. *See* Doc. [60] at 7-8. At the evidentiary hearing, Detective Mountain provided several plausible bases for continuing the search for evidence of the alleged offense after the initial discovery of those videos. *See* Doc. [47] at 56-58 (e.g., to determine "if this particular victim

---

[3] *See United States v. Perry*, 531 F.3d 662, 665 (8th Cir. 2008) ("*Leon* identified four circumstances in which an officer's reliance on a warrant is not in objective good faith: (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly or and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid.").

3

was being stalked, is this the first time that they video-recorded this subject, or are there other dates where the same subject might have been also violated in that manner," "to show intent," "to eliminate the argument that it wasn't my phone"); *United States v. Ivey*, 91 F.4th 915, 918 (8th Cir. 2024) ("[E]vidence of the offense could have been found anywhere in the phone."). The fact that, while conducting that lawful search, he discovered images and videos depicting sexual exploitation of minors on other occasions does not take the search outside the scope of the warrant. Moreover, as Judge Dueker also observed, even if the search had exceeded the scope of the warrant, that defect would be cured by the plain view doctrine. *See* Doc. [59] at 23; Doc. [47] at 45-60. Elsasser's objection that the search exceeded the scope of the warrant is overruled.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Joseph S. Dueker, Doc. [59], filed June 13, 2025, be and hereby is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and for a *Franks* Hearing, Doc. [30], is **DENIED.**

**IT IS FINALLY ORDERED** that a jury trial in this matter remains set for **September 8, 2025, at 9 a.m.** in Courtroom 16N.

Dated this 8th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE