**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                           ) | |
|        Plaintiff,            ) | |
|     v.                           ) | No. 4:24-cr-00141-SEP/JSD |
|                            ) | |
| ERIK ELSASSER,            ) | |
|                            ) | |
|        Defendant.      ) | |

## <u>MEMORANDUM AND ORDER</u>

The Court referred this matter to United States Magistrate Judge Joseph S. Dueker for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b).  On June 3, 2026, Judge Dueker filed his Amended Supplemental Report and Recommendation, Doc. [105], recommending that the Court deny all of Defendant's pending motions:

- Motion to Quash Indictment, Doc. [87];

- Supplemental Motion to Quash Indictment for Being Vague and Insufficient, Doc. [88];

- Motion to Dismiss the Indictment for Violations of the Sixth Amendment & the Speedy Trial Act, Doc. [89];

- Supplemental Motion to Invoke *Faretta v. California* to Dismiss Indictment for Violations of the Sixth Amendment & the Speedy Trial Act, Doc. [90]; and

- Motion for Reconsideration of Suppression Hearing Pursuant to *Franks* for Violations of Pre-*Franks* Hearing Rules by the Government, Doc. [91].

The lengthy history of this case is thoroughly documented in Judge Dueker's R&R, *see* Doc. [105] at 2-4, and will not be fully rehearsed here.  In summary, after the pretrial motion process had been completed and the case set for trial, Defendant replaced his counsel on the eve of a change of plea hearing and then sought and was granted—without opposition from the Government—*many* continuances in the interest of allowing new counsel time to get up to speed and advise Defendant on his options.  *See* Docs. [70], [76], [77], [80], [83].  The last of those continuance requests, filed January 8, 2026, was styled "Defendant's Unopposed **Final** Motion to Continue Plea Hearing."  Doc. [83] (emphasis added).  When granting it, the Court set trial for March 9, 2026, and made clear that "there will be no further extensions absent exigent circumstances."  Doc. [85].

Two weeks before that trial date—already the sixth in this matter—Defendant submitted five pro se filings over the course of six days, Docs. [87]-[91], prompting the Court to vacate the trial date again and instead hold a Frye hearing, wherein defense counsel asked for—and was again granted without opposition from the Government—another month-long continuance to review his client's pro se filings and consider whether to adopt and file them under his own name.  *See* Doc. [92]; *see also United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) ("There is no constitutional or statutory right to simultaneously proceed *pro se* and with benefit of counsel.").  In the hearing, counsel acknowledged the Court's concerns that reopening pre-trial motions would prolong Defendant's case even further and that the issues raised might overlap with the pre-trial motions that had already been filed on Defendant's behalf.  Nevertheless, nearly a full month later, on April 2, 2026, counsel filed a brief "notice" of his "adoption" of Defendant's pro se filings.  *See* Doc. [94].  In it, counsel did not modify or refine any of Defendant's motions; he simply "pray[ed] that the Court consider[ ]" them, noting that Defendant's initial pre-trial motions had been filed by previous counsel and that Defendant seeks to "mark the record for a possible subsequent appeal." *Id.*  The undersigned then referred the motions to Judge Dueker for initial review under 28 U.S.C. § 636(b), assuming counsel had used the time he had asked for to conduct the necessary due diligence to ensure that filings submitted in his name were not meritless.

Having now reviewed the motions and Judge Dueker's R&R, the Court unfortunately finds that its assumption was unjustified.  As set forth fully by Judge Dueker, the motions lack both merit and good cause for untimeliness.  Under the circumstances, if defense counsel could not have persuaded his client that it would be counterproductive to file such motions at all, he should at least have distilled or refined them into arguments that would not have been an obvious waste of the Court's time.  *See McCoy v. Court of Appeals*, 486 U.S. 429, 435 (1988) ("Ethical considerations and rules of court prevent counsel from making dilatory motions . . . or advancing frivolous or improper arguments . . . ."); Mo. Rules of Prof'l Conduct R. 4—3.1 ("A lawyer shall not knowingly make a claim or contention in a proceeding that is not meritorious or that is made solely to harass or delay" including "[f]iling or pursuing a claim or contention that is not supported by the facts or law [or] . . . engaging in litigation that is frivolous or without reasonable grounds.").

2

By way of "objection" to the Report and Recommendation, Defendant purports to "maintain" the objections he made to the earlier R&R in this same case, *see* Doc. [60], as well as the arguments in the motions that gave rise to this supplemental R&R. *See* Docs. [87], [89], [90], [91]. To the extent that Defendant made specific objections to Judge Dueker's original R&R, Doc. [59], those objections were addressed by the Court after de novo review in its order adopting that R&R. *See* Doc. [64]. The Court declines to spend its own time trying to discern how objections filed in July 2025 could apply to an R&R issued in June 2026 without a syllable of guidance from counsel. And the blanket reference back to Defendant's original motions is also insufficient to trigger de novo review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made.*") (emphasis added). Per the Eighth Circuit, "objections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation." *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Circ. 1990) (citing *Branch v. Martin*, 886 F.2d 1043, 1045-46 (8th Cir. 1989) ("If the losing party files timely and specific objections, the district court makes 'a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.'" (quoting 28 U.S.C. § 636(b))); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984) ("We are satisfied that providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process."); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). Because Defendant makes no specific objection, the Court does not take itself to have an obligation to conduct de novo review of any specific portion of Judge Dueker's 20-page R&R. The Court thus confines its de novo review to the issue of timeliness, which is itself dispositive.

Having carefully reviewed the parties' briefing, as well as the R&R itself, Defendant's putative objections thereto, and the Government's response, *see* Docs. [87], [88], [89], [90], [91], [94], [99], [100], [105], [109], [110],[1] the Court agrees with Judge Dueker that Defendant and his counsel do not even attempt to justify the extreme untimeliness of Defendant's pro se filings.

---

[1] Defendant did not request an evidentiary hearing. *See* Doc. [94].

3

*See* Doc. [105] at 4-5 (quoting Fed. R. Crim. P. 12(b)(3) (allowing that "a court *may* consider [an untimely] defense, objection, or request *if the party shows good cause*.") (emphasis added)). Defendant does not contest Judge Dueker's unambiguous finding of untimeliness in his objections to the R&R.  *See* Doc. [109].  Therefore, the undersigned accepts Judge Dueker's recommendation that "Elsasser's instant handwritten motions should be summarily denied as untimely."  Doc. [105] at 4.

**IT IS HEREBY ORDERED** that the analysis of timeliness in the Amended Supplemental Report and Recommendation of United States Magistrate Judge Joseph S. Dueker, Doc. [105] at 4-5, filed June 3, 2026, be and hereby is **SUSTAINED**, **ADOPTED**, and **INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash Indictment, Docs. [87], [88], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment, Docs. [89], [90], is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration of Suppression Hearing Pursuant to *Franks*, Doc. [91], is **DENIED**.

**IT IS FINALLY ORDERED** that this case is set for trial on **August 24, 2026, at 8:30 a.m.** in the courtroom of the undersigned.

Dated this 31st day of July, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4